MEMORANDUM OPINION
{¶ 1} On April 30, 2008, appellant, Delores Karnofel, pro se, filed a notice of appeal from two April 24, 2008 judgment entries of the Trumbull County Court of Common Pleas.
 {¶ 2} In one April 24, 2008 entry, the trial court denied appellant's motion for leave to proceed. In the other April 24, 2008 entry, the trial court denied appellant's motion for reconsideration. *Page 2 
 {¶ 3} Appellee filed a motion to dismiss the appeal on May 6, 2008. In its motion, appellee indicates that it filed a complaint in the trial court seeking to declare appellant a vexatious litigator. Further, appellee asserts, and the trial docket reflects, that to date, the trial court has not made a determination on appellee's complaint. Therefore, the appeal is premature because the appealed judgments are not final appealable orders affecting a substantial right under R.C. 2505.02.
 {¶ 4} On May 12, 2008, appellant filed a response to appellee's motion requesting that this court order the trial judge to issue a judgment in this case so that we can consider this as a premature appeal. By making this request, she basically agrees that no final appealable order exists.
 {¶ 5} For this court to have jurisdiction, the appealed judgment must be a final appealable order pursuant to R.C. 2505.02(B) which states:
 {¶ 6} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 9} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply: *Page 3 
 {¶ 11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 13} "(5) An order that determines that an action may or may not be maintained as a class action * * *."
 {¶ 14} Obviously, this appeal was filed before the trial court had the opportunity to issue its ruling on appellee's complaint. No final order presently exists in this matter for this court to consider. If appellant is dissatisfied with the final outcome after the trial court concludes the case and issues its final decision, she will then have the opportunity to file an appeal within thirty days of the judgment pursuant to App. R. 4(A). Furthermore, as to appellant's request that we order the trial court to issue its judgment in this matter, we would indicate that, since we lack jurisdiction to consider the appeal, we do not have the authority to issue any orders in that regard.
 {¶ 15} Therefore, appellee's motion to dismiss is granted, and the appeal is dismissed for lack of a final appealable order.
 {¶ 16} Appeal dismissed.
 DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur. *Page 1